UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ROSEMARY ELLIS, et al., )
                        )
            Plaintiffs, )
                        )
     v.                 )   No. 4:11CV812 FRB
                        )
ERIC HOLDER, JR., et al., )
                        )
            Defendants. )

**MEMORANDUM AND ORDER**

Presently pending before the Court is defendants' Motion to Dismiss Due to Mootness (Doc. #5). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Rosemary Ellis and her spouse, Moises Ellis, bring this Complaint for Writ of Mandamus pursuant to 5 U.S.C. §§ 701, et seq., and 28 U.S.C. §§ 2201, et seq., requesting that the Court issue a writ of mandamus directing defendants United States Citizenship and Immigration Services (USCIS)[1] to immediately

---

[1]Plaintiffs name as defendants Eric Holder, Jr., Attorney General of the United States; Janet Napolitano, Secretary of the Department of Homeland Security; Robert S. Muller, III, Director of the Federal Bureau of Investigation; Alejandro Mayorkas, Director of the United States Citizenship and Immigration Services (USCIS); Robert M. Cowan, Director of the USCIS National Benefits Center; Michael Jaromin, Field Office Director of the Kansas City Field Office of Citizenship and Immigration Service of the Department of Homeland Security; and Chester Moyer, Officer in Charge of the St. Louis Sub-Field Office of the Citizenship and Immigration Service of the Department of Homeland Security. All defendants in this cause are referred to collectively as the United States Citizenship and Immigration Services (USCIS).

adjudicate the Petition for Alien Relative (Form I-130) filed by Rosemary Ellis for the benefit of Moises Ellis.  Plaintiffs allege that such Petition was filed in June 2007 and has been pending before the USCIS since that time without adjudication.  Plaintiffs allege that unless and until the defendants adjudicate the Petition, Moises Ellis' Immigrant Visa Petition, now pending before an immigration judge, remains in limbo.

On August 30, 2011, defendants filed a Motion to Dismiss Due to Mootness, arguing that this cause of action is now moot inasmuch as the relief sought by plaintiffs is no longer available due to the performance of the action sought.  Specifically, defendants aver that the USCIS denied Rosemary Ellis' Petition for Alien Relative on August 29, 2011.  Defendants contend, therefore, that because the Petition has now been adjudicated, the relief requested in the instant action is no longer available to plaintiffs and thus that this cause of action is moot.  Plaintiffs have not responded to the motion.[2]

"It has long been settled that a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'"  Church of

---

[2] In an Order entered September 26, 2011, plaintiffs were ordered to respond to the motion not later than October 3, 2011, and were cautioned that failure to timely respond could result in the dismissal of this cause.  To date, plaintiffs have not responded to the motion nor have complied with this Court's Order of September 26, 2011.

Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (quoting Mills v. Green, 159 U.S. 651, 653 (1895)). For that reason, when an event occurs making a court's decision on an issue unnecessary, or makes the granting of effectual relief impossible, the issue is moot and should not be addressed. Id.

> The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, . . . an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal.

Mills, at 159 U.S. at 653.

Such is the case here.

A review of the record shows defendants USCIS to have adjudicated Rosemary Ellis' Petition for Alien Relative on August 29, 2011, by denying the Petition with a statement of reasons given therefor. (Defts.' Mot. Dismiss, Exh. B.) This event has rendered it impossible for the Court to grant plaintiffs any effectual relief on their Complaint for Writ of Mandamus inasmuch as the relief sought in the instant Complaint has been performed. Therefore, the matter at issue raised in the instant case is moot and the case should be dismissed. Church of Scientology, 506 U.S.

at 12; <u>Mills</u>, 159 U.S. at 653.

    Accordingly,

    **IT IS HEREBY ORDERED** that defendants' Motion to Dismiss Due to Mootness (Doc. #5) is granted.

    **IT IS FURTHER ORDERED** that this cause is dismissed with prejudice as moot.

    */s/ Frederick R. Buckles*
    UNITED STATES MAGISTRATE JUDGE

Dated this  *4th*  day of October, 2011.